UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

MAR 2 7 2003

MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
                        )
       v.            )
                        )
GEOFFREY THOMPSON,     )
MARTIN BROWN, and      )
YDIYELL HOWARD         )
                        )

JUDGE BUCKLO

NO.

**03CR0321**

Title 18, United States
Code, Sections 1343, 2,

MAGISTRATE JUDGE SIDNEY I. SCHENKIER

### COUNT ONE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    At times material to this indictment:

DOCKETED

APR 0 8 2003

#### The Commodity Futures Market

      a.    Commodities are agricultural products, such as soybeans, corn, wheat, pigs, cattle, coffee, orange juice or cocoa; a physical items such as silver, copper, platinum, gold or heating oil; or financial instruments, such as stock index futures, foreign currencies or Treasury bills.

      b.    A commodities futures contract is a commitment to either take delivery of or make delivery of a specific amount of a commodity in a particular month in the future at a particular price.  The price is established at the time the contract is made.

      c.    Most commodity futures transactions do not result in the actual physical delivery or receipt of the commodity.  Rather, a transaction is completed when a person buys or sells the opposite side of the position in the same delivery month. If the price of the commodity in the month purchased has changed from the time of the initial transaction until it is closed out, the person will

gain or lose money in the amount of the difference between the two prices.

d.     Commodity futures contracts are traded only on contract markets (commonly known as exchanges), designated by the Commodity Futures Trading Commission (CFTC).

e.     The Chicago Mercantile Exchange ("CME") is a federally licensed exchange that serves as a market for futures and options trading in agricultural products such as cattle and cheese and financial instruments such as foreign currencies and stock index futures.

f.     Only persons admitted to membership in a contract market may buy and sell commodity futures contracts on the floor of an exchange.     Such persons are known as "floor traders" or "traders."

### STONE AND THE FUTURES DIRECT UNIT

g.     F.C. Stone, LLC was the successor to Saul Stone & Company LLC. As of July 1, 2000, F.C. Stone assumed all rights and responsibilities of Saul Stone & Company, LLC under all relevant customer account agreements.     The term "Stone" as used hereafter refers both to Saul Stone & Company, LLC, and F.C. Stone, LLC. Stone maintains a place of business in Chicago, Illinois.

h.     Stone's Futures Direct Unit serviced clients who were experienced traders maintaining large accounts.     Futures Direct account holders were permitted to place orders for commodity futures transactions directly to the floor of the exchange using execution brokers.     Execution brokers are floor brokers who carry

-2-

out trades on the floor of an exchange for other member firm brokers, such as Stone.

i.    Defendant GEOFFREY THOMPSON was employed by Stone beginning in or about 1992 and subsequently became a Risk Manager and Executive Vice President.  As part of his responsibilities, THOMPSON supervised the Futures Direct Unit at Stone.  Under the terms of his employment with Stone, defendant THOMPSON was prohibited from conducting any trading on behalf of Stone customers.

j.    Defendant MARTIN BROWN was employed as a margins clerk in Stone's Futures Direct Unit from in or about November 1997 through in or about May 1999 and from in or about November 1999 through in or about November 2000.  Under the terms of his employment with Stone, defendant BROWN was prohibited from conducting any trading on behalf of Stone customers.

k.    Defendant YDIYELL HOWARD was employed by Stone beginning in or about November 1997.  Between in or about July 1998 and in or about November 2002, HOWARD was employed as a margin clerk in Stone's Futures Direct Unit.  Under the terms of his employment with Stone, defendant HOWARD was prohibited from conducting any trading on behalf of Stone customers.

2.    Beginning in or about November 1999, and continuing until in or about November 2000, in the Northern District of Illinois, Eastern Division, and elsewhere,

                    GEOFFREY THOMPSON,
                    MARTIN BROWN, and
                    YDIYELL HOWARD,

-3-

defendants herein, devised and intended to devise, and participated in, a scheme to defraud Stone and certain of its customers, and to obtain money and property from Stone and certain of its customers by means of materially false and fraudulent pretenses and representations, which scheme is further described in the following paragraphs.

3.  It was part of the scheme that between in and about November 1999 and in and about April 2000, defendants GEOFFREY THOMPSON and MARTIN BROWN engaged in commodities trading on behalf of certain Stone customer accounts, namely customer accounts belonging to Individual A and Individual B, in violation of the terms of their employment with Stone.  Specifically, defendant MARTIN BROWN entered into oral agreements with Individual A and Individual B whereby defendant MARTIN BROWN agreed to make commodity futures transactions on behalf of Individual A and Individual B in exchange for twenty-five percent (25%) of the net profits derived from the trading activity in their accounts.

4.  It was further part of the scheme that when the trades were profitable, the profits were periodically transferred by wire from Stone's bank account to bank accounts benefitting Individual A and Individual B.  Individual A and Individual B subsequently mailed commission checks representing 25% of the net profits derived from the trading activity to defendant MARTIN BROWN. Defendants GEOFFREY THOMPSON and YDIYELL HOWARD were both aware that MARTIN BROWN received commission checks from Individual A and

-4-

Individual B, and defendant MARTIN BROWN shared the proceeds of the commission checks with GEOFFREY THOMPSON and YDIYELL HOWARD.

5.    It was further part of the scheme that between in or about February 2000 and in or about July 2000, defendants GEOFFREY THOMPSON, MARTIN BROWN, and YDIYELL HOWARD directed and assisted others known and unknown to the Grand Jury, specifically friends and relatives, to open Futures Direct customer accounts at Stone. These accounts were opened in the names of Individual C, Corporation One, Individual D, Individual E, Individual F, and Individual G.

6.    It was further part of the scheme that defendants placed and caused to be placed commodity futures transactions for the benefit of accounts belonging to Individual C, Corporation One, Individual D, Individual E, Individual F, and Individual G.  If a trade was profitable, defendants would cause the trade to be allocated to one or more of the accounts belonging to Individual C, Corporation One, Individual D, Individual E, Individual F, and Individual G.  When the trades were profitable, the profits were periodically wired from Stone's bank account to the bank accounts of Individual C, Individual D, Individual E, Individual F, Corporation One, and Individual G.  Defendants shared the proceeds of the profitable trades.

7.    It was further part of the scheme that when trades that were placed on behalf of Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, Corporation One, and Individual G (hereinafter the "favored accounts") were

-5-

unprofitable, defendants would cause the trade to be transferred to one of several large accounts belonging to unrelated Stone customers (hereinafter the "victim accounts"). Defendants did not have authorization to place the unprofitable trades in the victim accounts.

8.    It was further part of the scheme that defendants caused the victim accounts to suffer losses of at least $1.3 million, while the favored accounts amassed at least $3.3 million in profits.

9.    It was further part of the scheme that defendants used and caused the use of the mails, wires and other means of communication, and misrepresented, concealed, and hid, and caused to be misrepresented, concealed and hidden, certain material facts, including the acts and the purposes of the acts done in furtherance of the scheme.

10.    On or about November 30, 1999, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and<br>MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Topeka, Kansas, namely, a wire transfer for the benefit of Individual A in the amount of $8,700 to Federal Home Loan Bank of Topeka, in Topeka,

Kansas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about December 7, 1999, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Topeka, Kansas, namely, a wire transfer for the benefit of Individual A in the amount of $15,700 to Federal Home Loan Bank of Topeka, in Topeka, Kansas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about January 12, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Center, Texas, namely, a wire transfer in the amount of $33,000 into an account in the name of Individual A and his spouse at Farmers State Bank in Center, Texas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about February 8, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Austin, Texas, namely, a wire transfer for the benefit of Individual A in the amount of $74,000 to Chase Bank of Texas, in Austin, Texas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about February 29, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Austin, Texas, namely, a wire transfer for the benefit of Individual A in the amount of $100,000 to Chase Bank of Texas, in Austin, Texas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about March 30, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Austin, Texas, namely, a wire transfer for the benefit of Individual A in the amount of $63,500 to Chase Bank of Texas, in Austin, Texas, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about April 13, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Individual C in the amount of $35,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about July 18, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Individual D in the amount of $10,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT NINE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about September 15, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Individual E in the amount of $20,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about February 28, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

MARTIN BROWN,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Corporation One in the amount of $80,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about September 11, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

MARTIN BROWN,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Individual F in the amount of $300,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWELVE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about April 6, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

GEOFFREY THOMPSON, and
MARTIN BROWN,

defendants herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to East Rutherford, New Jersey, namely, a wire transfer for the benefit of Corporation One in the amount of $92,000 through the Federal Reserve wire transfer system ("FEDWIRE"), in East Rutherford, New Jersey, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTEEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

Beginning on or about April 6, 2000, and continuing through on or about April 14, 2000, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEOFFREY THOMPSON,

defendant herein, and others known and unknown to the Grand Jury, knowingly engaged and attempted to engage in a monetary transaction, affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, namely wire fraud as more fully described in Counts One through Nine and Count Twelve of this indictment, in that defendant GEOFFREY THOMPSON caused a wire transfer to the bank account of Corporation One in the amount of $92,000 through the Federal Reserve wire transfer system ("FEDWIRE"), which funds were then used by defendant GEOFFREY THOMPSON, as sole beneficiary of a land trust (Trust Number 00-8532), to purchase from Corporation One, real property located at 5432-34 South Prairie Avenue, Unit 1S, Chicago, Illinois.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FOURTEEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about July 18, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

YDIYELL HOWARD,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Indianapolis, Indiana, namely, a wire transfer in the amount of $14,000 into an account in the name of Individual G at Bank One Indiana, in Indianapolis, Indiana, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIFTEEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2.    On or about September 6, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

YDIYELL HOWARD,

defendant herein, for the purpose of executing the aforesaid scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds from Chicago, Illinois, to Indianapolis, Indiana, namely, a wire transfer in the amount of $2,500 into an account in the name of Individual G at Bank One Indiana, in Indianapolis, Indiana, which funds were proceeds of the above-described scheme;

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION ONE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations contained in Count Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2.    As a result of his violation of Title 18, United States Code, Section 1957,  as alleged in the foregoing Indictment,

GEOFFREY THOMPSON,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest the defendant has in any property, real and personal, involved in such offense, and any property traceable to the property.

3.    The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982, include: all money and other property that was the subject of the transaction; all money and other property that is traceable thereto, including but not limited to:

> Real property located at 5432-34 South Prairie Avenue, Unit 1S, Chicago, Illinois.

4.    To the extent that the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;

> (b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value, or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

## FORFEITURE ALLEGATION TWO

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.    The allegations contained in Counts Nine, Eleven and Fifteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

2.    As a result of their violations of Title 18, United States Code, Section 1343, as alleged in the foregoing Indictment,

GEOFFREY THOMPSON,
MARTIN BROWN, and
YDIYELL HOWARD,

defendants herein, shall forfeit to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C) any and all right, title, and interest they may have in any property, real and personal, which constitutes, or is derived from proceeds traceable to the offenses.

3.    The interests of defendants GEOFFREY THOMPSON, MARTIN BROWN, and YDIYELL HOWARD, jointly and severally, subject to forfeiture, as the result of their violations of Title 18, United States Code, Section 1343, include but are not limited to: approximately $ 322,500.00.

3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants, either:

(a)    cannot be located upon the exercise of due diligence;

-24-

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28 United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to: real property located at 5432-34 South Prairie Avenue, Unit 1S, Chicago, Illinois.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

-25-

No.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

GEOFFREY THOMPSON, MARTIN BROWN
and YDIYELL HOWARD

I N D I C T M E N T

Violations: Title 18, United States Code,
Sections 1343 and 1957

A true bill,

_____
Foreman

Filed in open court this _____ day of _____, A.D. 20___

MICHAEL W. DOBBINS
_____
Clerk

_____
Deputy Clerk

Bail, $ _____

PC 880.320